# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARPROOF CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 7385 |
| | ) |
| HYPERQUEST, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is denied.

## BACKGROUND

Plaintiff Carproof Corporation (Carproof) allegedly sells detailed vehicle-history reports to automobile sellers and buyers. Defendant Hyperquest, Inc. (Hyperquest) allegedly provides software and services related to automobile-insurance estimates for accident damages incurred by motor vehicles. Defendant Solera Holdings, Inc. (Solera) is allegedly the parent company of Hyperquest. Solera is also allegedly the parent company of Defendants Audatex Holdings, LLC, Audatex Holdings, Inc., Audatex North America, Inc., and Audatex Canada

1

Holdings, Inc. (collectively referred to as "Audatex"). Audatex allegedly provides information and services for the automobile claims processing industry in competition with Carproof. In July 2014, Carproof allegedly entered into an agreement (Agreement) with Hyperquest, under which Hyperquest was obligated to provide Carproof with estimatics data in return for a fee.

According to Carproof, within days after executing the Agreement, Solera and Audatex began interfering with the Agreement by instructing Hyperquest not to contact Carproof and to turn off the data feed to Carproof. Hyperquest has allegedly asserted that the Agreement is invalid and has failed to provide the services required under the terms of the Agreement. Carproof contends that Solera and Audatex have interfered with the Agreement because they believe that Hyperquest should have bargained for more favorable terms. Carproof includes in its complaint a breach of contract claim brought against Hyperquest (Count I), and tortious interference with contract claims brought against Audatex and Solera (Count II). Defendants move to dismiss the claims in Count II.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th

2

Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that Carproof has failed to allege sufficient facts to state a valid tortious interference with contract claim. For a tortious interference with contract claim brought under Illinois law, a plaintiff must establish: (1) "that he had a valid and enforceable contract," (2) that the defendant "was aware of the contractual relationship," (3) that the defendant "intentionally and without justification induced" the contracting party "to breach the contract," (4) that "the subsequent breach was caused by" the defendant, and (5) that the plaintiff "sustained damages." *Nation v.*

3

*Am. Capital, Ltd.*, 682 F.3d 648, 651 (7th Cir. 2012). Defendants argue that under Illinois law parent and affiliate companies are privileged to interfere with the relationships of corporate affiliates when it is not in their economic interest to do so as long as there is no malicious or unjustified conduct. Defendants contend that their privileged conduct cannot be found to be wrongful or without justification and thus cannot support a valid tortious interference with contract claim. Carproof correctly points out that Defendants have not cited any controlling precedent or Illinois state law on point to support their assertions that parent and affiliated companies engage in privileged conduct when they interfere with business relationships of a company. In addition, even if this court were to recognize such a privilege, whether or not Defendants engaged in privileged conduct would involve a factual inquiry beyond the pleadings. Defendants cite various cases that provide that conduct is privileged when, for example, contractual relations threaten a present economic interest with another subsidiary, and when the parent company has acted in good faith to protect a valid business interest. (Mem. Dis. 5-6). While Defendants may present such arguments as a defense in the instant action, such determinations cannot be made based upon the allegations in the complaint and it is premature to make such a determination at this juncture. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012)(indicating that for a Rule 12(b)(6) motion, a court must restrict its inquiry to the pleadings unless a limited exception is applicable).

It is evident from the Second Circuit case *Boulevard Associates v. Sovereign Hotels, Inc.*, 72 F.3d 1029 (2d Cir. 1995), which Defendants themselves rely upon,

4

that it is premature to assess the merits of their defense. (Mem. Dis. 6). In *Boulevard*, the district court did not dismiss the action based on the pleadings. In fact, the case needed to proceed to trial before the district court could resolve the factual issues. *Id.* at 1032-33, 35. Similarly, in the Third Circuit case *Green v. Interstate United Mgmt. Servs. Corp.*, 748 F.2d 827 (3d Cir. 1984), which Defendants rely upon, the case proceeded to a jury trial. *Id.* at 830. The court in *Green* also listed certain factors that should be examined for a tortious interference with contract claim that involves a factual inquiry beyond the pleadings. *Id.* at 831-32. Defendants seek to draw certain inferences from allegations in the pleadings in their favor, which is improper at this juncture, and the allegations in the complaint do not on their face establish that Defendants have a meritorious defense. Thus, even if this court recognized the privilege proposed by Defendants, it is premature at this juncture to resolve such a defense based upon the pleadings. At the summary judgment stage, Defendants will need to point to sufficient evidence to support their defense to obtain a judgment as a matter of law. Therefore, the motion to dismiss the tortious interference with contract claims is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' partial motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 26, 2016